IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DEMETRA ARNETT HORNESBUGER,**

    **Plaintiff,**

**v.**                                                                **Civil No.: <u>1:18cv00219-JMV</u>**

**NANCY BERRYHILL,**
**COMMISSIONER OF**
**SOCIAL SECURITY***,*

    **Defendant.**

## <u>FINAL JUDGMENT</u>

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's ruling from the bench during a hearing held November 21, 2019, the Court finds the ALJ's step four determination is not supported by substantial evidence in the record, and this error prejudiced the claimant. Specifically, the ALJ failed to resolve an apparent conflict between the claimant's description of the duties of her past occupation as a "deli manager" and the DOT's description of the duties of a "Management Trainee" (DICOT 189.167-018)—the claimant's past occupation as characterized by the

vocational expert.  The claimant's description of the duties and functional requirements (described as medium work) of her past job as a deli manager did not correspond to the description of the management trainee occupation, and the vocational expert provided no explanation for the discrepancy.

On remand, the ALJ must reconsider the issue of whether the claimant is capable of performing her past relevant work as a "deli manager."  The ALJ must resolve any material conflicts in the evidence with respect to this issue and include the analysis in the new written decision.  Further, if necessary, the ALJ must determine whether there is any work in the national economy the claimant can perform in view of her residual functional capacity, age, education, and work history.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 25th day of November, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE